■ JEAN S. GOLDEN et al., Respondents-Appellants, v MANHASSET CONDOMINIUM et al., Appellants-Respondents, and ALLIED FIRE CONTROL SERVICES, INC., et al., Respondents-Appellants, and VILES CONTRACTING CORP. et al., Respondents, et al., Defendants. JEAN S. GOLDEN et al., Respondents, v MANHASSET CONDOMINIUM et al., Appellants, and FIESTA MEXICANA, INC., Respondent, et al., Defendants. [770 NYS2d 55]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered September 17, 2002, insofar as it denied in part and granted in part the motions of the five defendants ultimately found to be liable for summary dismissal of claims and cross claims asserted against them, unanimously modified, on the law, to the extent of limiting plaintiffs' entitlement to damages in accordance with the decision herein, and otherwise affirmed, without costs. Interlocutory judgment, same court and Justice, entered June 18, 2003, which, inter alia, adopted the jury's apportionment of liability among defendants Manhasset Condominium (5.14%), 108 Owners Corp. (11.5%), 108 Commercial L.L.C. (33.6%), Fiesta Mexicana, Inc. (46.375%), and Viles Contracting Corp. (3.375%), unanimously affirmed, without costs.

An eight-alarm fire at 300 West 109th Street in Manhattan caused property damage and displacement of the residents, who were forced to vacate their apartments for approximately three years while the building underwent extensive repair and reno-

vation. This negligence action was brought by the displaced residents against the building owners and managers, the restaurant where the fire started, companies involved in the installation, maintenance and repair of the restaurant's exhaust system, and contractors who had been performing work on the exterior facade and roof of the building. The jury at the bifurcated trial apportioned responsibility among those parties. Four of the five parties adjudged responsible appeal from that apportionment in the interlocutory judgment, and plaintiffs and 10 of the original defendants appeal and cross-appeal from the earlier order to the extent that their motions and cross motions for summary judgment with regard to claims and cross claims were denied. With regard to those defendants not found liable by the jury, their appeals from the earlier order have been rendered academic.

Loss of enjoyment of life is not a separate element of damages deserving a distinct award, but is only a factor to be considered by the jury in assessing damages for conscious pain and suffering (*Nussbaum v Gibstein*, 73 NY2d 912, 914 [1989]), thereby requiring a demonstration that plaintiffs have suffered some physical injury or pain. Plaintiffs may not recover separate damages for loss of enjoyment of life or psychological pain. They are only entitled to damages that may restore them to the position they would have been in had the fire not occurred (*see McDougald v Garber*, 73 NY2d 246, 254 [1989]). Thus, plaintiffs are limited to damages for pecuniary losses they can actually measure and establish.

When viewing the evidence in the light most favorable to plaintiffs, it cannot be said that there is no valid line of reasoning or permissible inferences by which the jury could have rationally reached its conclusion (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Owners have a general duty to maintain their property in a reasonably safe condition (*see Kush v City of Buffalo*, 59 NY2d 26, 29 [1983]), which can extend to leased property. For example, a landlord may be held liable for injury caused by a defective or dangerous condition on the premises if he is under a statutory or contractual duty to maintain the premises in proper condition and has reserved the right to enter for inspection and repair (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 642 [1996]). Although the building defendants maintain that they had surrendered possession of the restaurant premises, the owner had not, in fact, relinquished such control. In the restaurant lease, the building owner expressly retained a right of access and re-entry to make repairs and to have the final say on any structural changes.

In order for an owner to be liable for a defective condition not of its own making, an injured party must "establish that the landlord had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been corrected" (*Juarez*, 88 NY2d at 646). "[A] building owner may be charged with constructive notice of defects in those parts of the building into which it has authority to enter" (*id.* at 647). Here, there was proof that the building defendants had *actual* notice, prior to the fire, of a problem with the restaurant's exhaust and duct system. Moreover, there was ample evidence as to the building defendants' violation of various statutes, rules and regulations aimed at preserving the safety of residential tenants.

There was also sufficient evidence that the contractor had been negligent in erecting a combustible plywood platform in close proximity to a perforated and smoking exhaust duct, and that the contractor had consistently ignored the smoke, odors, grease and oily residue emanating from the exterior vertical smokestack utilized by the restaurant.

We have considered the parties' other arguments for affirmative relief and find them to be unavailing. Concur—Buckley, P.J., Andrias, Sullivan, Friedman and Gonzalez, JJ.