472

■ ALLSTATE INSURANCE COMPANY et al., Plaintiffs, and JAY A. KRANIS et al., Appellants, v BURGER KING CORP. et al., Respondents, et al., Defendant. [808 NYS2d 74]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered November 20, 2003, which granted the cross motion by defendants A.J. Development and Lund Fire Products for summary judgment dismissing the cause of action for negligent infliction of emotional distress, and order, same court and Justice, entered February 4, 2005, which granted motions by the Burger King defendants dismissing the same cause of action, and by defendant 250-254 West 82nd Street Owners for summary judgment dismissing causes of action for breach of lease and negligent infliction of emotional distress, unanimously affirmed, without costs.

The Kranis plaintiffs had no viable cause of action for negligent infliction of emotional distress arising out of the negligent destruction of their property where there is no claim that plaintiffs themselves were in any physical danger (see Curbean v Kibel, 12 AD3d 206 [2004]; Golden v Manhasset Condominium, 2 AD3d 345, 346 [2003]; Probst v Cacoulidis, 295 AD2d 331, 332 [2002]). The claimed exacerbation of plaintiffs' preexisting medical conditions, caused by displacement from their home for nine months, is a consequential—not a direct—result of any negligence, and is therefore not compensable (see Kennedy v McKesson Co., 58 NY2d 500, 506 [1983]; Probst, 295 AD2d at 332). Concur—Buckley, P.J., Tom, Sullivan, Nardelli and McGuire, JJ.