■ KENNETH S. et al., Individually and as Parents and Guardians of KAYLA S., an Infant, Respondents, v BERKSHIRE FARM CENTER AND SERVICES FOR YOUTH et al., Defendants, and ELLIS HOSPITAL, Appellant. [829 NYS2d 715]—

Carpinello, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered June 29, 2005 in Schenectady County, which, inter alia, denied a motion by defendant Ellis Hospital to dismiss the complaint against it.

In 2002, Kayla S., then 15 years old, was adjudicated a person

in need of supervision and placed under the supervision of the Schenectady County Department of Social Services. In the course of this placement, she resided at defendant Berkshire Farm Center and Services for Youth where she met defendant Ray Kuykendall, a social worker and substance abuse counselor who was employed at that facility at that time. The following year, between August 12, 2003 and August 21, 2003, Kayla was admitted to the adolescent treatment center of defendant Ellis Hospital (hereinafter defendant). While there, Kuykendall was twice permitted to visit with her in a conference room even though defendant's rules restricted visitation to immediate family members and its own treatment providers.

Upon her discharge from defendant's care, Kayla entered a 28-day residential substance abuse rehabilitation program at the premises of defendant Conifer Park, Inc. where Kuykendall was then employed. Kuykendall spent time with her there on a near daily basis. Upon her successful completion of that program, she was transferred to the premises of defendant Vanderheyden Hall, Inc. She absconded from this facility on September 28, 2003 on her own volition and contacted Kuykendall. He brought her to his home where he allegedly kept her for about four months during which time he allegedly plied her with drugs and alcohol and had sexual contact with her.

Plaintiffs, Kayla's parents, commenced this action against defendant, among others, alleging numerous causes of action. The only issue now before us is Supreme Court's denial of defendant's motion to dismiss a negligent infliction of emotional distress claim against it. In this context, even according plaintiffs the benefit of every possible inference, the record establishes that this claim against defendant is deficient as a matter of law such that it should have been dismissed (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]; *Griffin v Anslow*, 17 AD3d 889, 891 [2005]).

Where, as here, the parties have submitted numerous affidavits, the trial court must determine not merely whether plaintiffs have stated a claim but, rather, whether they actually have one (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]; *Gagnon v City of Saratoga Springs*, 14 AD3d 845, 846 [2005]; *Virgem Enters. v City of New York*, 290 AD2d 708, 709 [2002]). Importantly, plaintiffs do not allege that any inappropriate physical contact occurred between Kayla and Kuykendall during his two visits with her at defendant's facility. Rather, their theory of liability is that, by permitting Kuykendall to have visitation privileges with Kayla, defendant gave Kuykendall

an "opportunity to advance" his inappropriate relationship with her.

To be sure, recovery for purely emotional damages is extremely limited (*see Kennedy v McKesson Co.*, 58 NY2d 500, 504-506 [1983]). To state a cause of action for negligent infliction of emotional distress, plaintiffs must allege that Kayla suffered an emotional injury from defendant's breach of a duty which unreasonably endangered Kayla's own physical safety (*see Moore v Melesky*, 14 AD3d 757, 761 [2005]; *Hart v Child's Nursing Home Co.*, 298 AD2d 721, 723 [2002]; *Dobisky v Rand*, 248 AD2d 903, 905 [1998]). Permitting Kuykendall, a certified social worker and substance abuse counselor who had a preexisting relationship with Kayla, to then visit with her even in violation of its own rules simply does not constitute conduct which unreasonably endangered her physical safety. Simply stated, plaintiffs allege no conduct on the part of either Kuykendall or defendant which endangered Kayla's physical safety during those visits (*see Peter T. v Children's Vil., Inc.*, 30 AD3d 582, 586 [2006]). On this basis alone, the cause of action for negligent infliction of emotional distress should have been dismissed against defendant.

In addition, the requisite causal link between defendant's alleged negligence and the alleged *subsequent* physical abuse by Kuykendall is patently lacking. Kuykendall's conduct in allegedly abusing Kayla after she absconded from a different facility more than a month after her treatment at defendant's premises was an independent criminal assault which broke the requisite causal nexus between defendant's purported negligent conduct and Kayla's injuries. In short, plaintiffs fail to allege injuries that were a direct, rather than a consequential, result of defendant's alleged breach of its duty to Kayla (*see e.g. Kennedy v McKesson Co., supra* at 506-507; *Howard v Lecher*, 42 NY2d 109, 111-112 [1977]; *Allstate Ins. Co. v Burger King Corp.*, 25 AD3d 472, 472 [2006]). For this reason also, plaintiffs' cause of action for negligent infliction of emotional distress against defendant should have been dismissed.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Ellis Hospital, by reversing so much thereof as denied said defendant's motion to dismiss the negligent infliction of emotional distress cause of action against it; motion granted to that extent; and, as so modified, affirmed.