# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**619**

**CA 11-02456**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

MARY ANN WERNER, PLAINTIFF-RESPONDENT,

V                                           MEMORANDUM AND ORDER

KALEIDA HEALTH, DEFENDANT-APPELLANT.

---

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (KEVIN VASQUEZ HUTCHESON OF COUNSEL), FOR DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (SCOTT M. SCHWARTZ OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered February 14, 2011 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum:  Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she tripped and fell while walking down a corridor in Buffalo General Hospital, which was owned and operated by defendant.  Following discovery, defendant moved for summary judgment dismissing the complaint on the grounds that the alleged defect was not a dangerous condition as a matter of law, and that defendant did not create the condition or have actual or constructive notice of it.  We agree with defendant that Supreme Court erred in denying the motion.  In support of the motion, defendant submitted evidence establishing that the allegedly dangerous condition was no more than a "nickel size" indentation in the linoleum-tiled corridor, and that plaintiff was wearing sandals with no backing and one- or two-inch heels.

As plaintiff correctly notes, "whether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [internal quotation marks omitted]). Nevertheless, where an alleged defect is shown to be "trivial as a matter of law," summary judgment is appropriate (*Sokolovskaya v Zemnovitsch*, 89 AD3d 918, 918; *see generally Trincere*, 90 NY2d at 977-978).  Here, defendant's submissions established that, in light of "the width, depth, elevation, irregularity and appearance of the

defect along with the 'time, place and circumstance' of the injury" (*Trincere*, 90 NY2d at 978), the defect was trivial as a matter of law, and in response plaintiff failed to raise a triable issue of fact to defeat the motion *(see generally Zuckerman v City of New York*, 49 NY2d 557).  In light of our decision, we need not address defendant's contentions that it did not create the dangerous condition and lacked constructive notice of its existence.

Entered:  June 15, 2012                              Frances E. Cafarell
                                                     Clerk of the Court