# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**556**

**CA 12-01903**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

FRED DAVIES AND MARC FISHER, AS CO-EXECUTORS
OF THE ESTATE OF IRVING H. ROSENBERG, DECEASED,
PLAINTIFFS-APPELLANTS,

V                                           MEMORANDUM AND ORDER

MADELYNE JERRY AND GULF & WESTERN AERO
DEVELOPMENT, LLC, DEFENDANTS-RESPONDENTS.

---

LONGSTREET & BERRY, LLP, SYRACUSE (MICHAEL J. LONGSTREET OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (SUZANNE M. MESSER OF COUNSEL),
FOR DEFENDANT-RESPONDENT MADELYNE JERRY.

LAW OFFICE OF DANIEL R. SEIDBERG, LLC, SYRACUSE (DANIEL R. SEIDBERG OF
COUNSEL), FOR DEFENDANT-RESPONDENT GULF & WESTERN AERO DEVELOPMENT,
LLC.

---

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered August 29, 2012. The judgment granted the motions of defendants for a declaratory judgment and summary judgment, denied the cross motion of plaintiffs for summary judgment and directed plaintiffs to provide written notice of intent to transfer decedent's membership interest.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the motion of defendant Gulf & Western Aero Development, LLC, insofar as it seeks a declaration that the purchase price of the membership interest of Irving H. Rosenberg must be determined by that defendant's accountant, and granting judgment in favor of defendants as follows:

It is ADJUDGED AND DECLARED that Irving H. Rosenberg is deemed to have offered his membership interest in defendant Gulf & Western Aero Development, LLC, to that defendant and/or Madelyne Jerry upon his death;

It is further ADJUDGED AND DECLARED that the estate of Irving H. Rosenberg must give written notice of its intent to sell; and

It is further ADJUDGED AND DECLARED that the purchase price of the membership interest shall be based on the

appraised valuation of the commercial real property of
defendant Gulf & Western Aero Development, LLC, as of
December 20, 2010,

and as modified the judgment is affirmed without costs.

Memorandum:  Plaintiffs, coexecutors of the estate of Irving H.
Rosenberg (Estate), commenced this action for, inter alia, breach of
contract, an accounting, and dissolution.  Rosenberg and defendant
Madelyne Jerry entered into an Operating Agreement for defendant Gulf
& Western Aero Development, LLC (Gulf LLC), in November 2002.  Gulf
LLC was formed for the purpose of acquiring undeveloped real property
and developing a commercial subdivision for the construction and
operation of hotels.  Rosenberg died on December 20, 2010.  After
plaintiffs commenced this action, each defendant answered and asserted
a counterclaim seeking, inter alia, a declaration of the rights of the
parties.  Defendants thereafter moved for summary judgment on their
counterclaims, and plaintiffs cross-moved for summary judgment on the
complaint.  Supreme Court granted defendants' motions and denied
plaintiffs' cross motion.  Although the court properly determined that
defendants are entitled to summary judgment, the court failed to
declare the rights of the parties.  We therefore modify the judgment
by making the requisite declarations (*see Maurizzio v Lumbermens Mut.
Cas. Co.*, 73 NY2d 951, 954).

We reject plaintiffs' contention that the Estate is not required
to give written notice of its intention to transfer Rosenberg's
membership interest.  It is well settled that a "written agreement
that is complete, clear and unambiguous on its face must be enforced
according to the plain meaning of its terms" (*Greenfield v Philles
Records*, 98 NY2d 562, 569; *see W.W.W. Assoc. v Giancontieri,* 77 NY2d
157, 162).  Section 12.2 of the Operating Agreement provides that, if
a member dies, "such Member shall be deemed to have offered their
[*sic*] Membership Interest to the other Members for sale *and* shall give
written notice to the other Members of his, her or its intention to
transfer such Membership Interest" (emphasis added).  The plain
language of that section thus requires the Estate to give written
notice of its intent to sell.  Contrary to plaintiffs' further
contention, the court properly interpreted section 12.2 in determining
that the date of valuation of Rosenberg's membership interest is the
date of his death (*see generally Oriskany Falls Fuel v Finger Lakes
Gas Co.*, 186 AD2d 1021, 1021-1022).

Section 8.2 of the Operating Agreement provides that "[t]he
purchase price [of a membership interest] shall be determined . . .
based upon a fair market appraisal of the real property owned by [Gulf
LLC] prepared by a qualified MAI appraiser with at least ten (10)
years of experience appraising commercial real property . . . The
value of [Gulf LLC] as above stated . . . is and shall be inclusive of
the value of goodwill."  Plaintiffs contend that they would be
entitled to essentially nothing under that provision because Gulf LLC
now owns only a small, vacant parcel of land, having transferred the
valuable real property it had previously owned in exchange for an

interest in two entities that developed hotels on that property.  At oral argument of this appeal, however, defendants acknowledged that the value of Gulf LLC is not limited to the value of the small, vacant parcel of land owned by Gulf LLC, but, rather, includes the appraised value of the hotels presently existing on the real property in which Gulf LLC has an interest.

Although Gulf LLC sought in its motion a declaration that the purchase price of Rosenberg's membership interest be determined by Gulf LLC's accountant, it did not seek that relief in its counterclaim, and we therefore agree with plaintiffs that, to the extent that the court granted that part of Gulf LLC's motion, the judgment should be modified by denying that part of the motion.  We have considered plaintiffs' remaining contentions and conclude that they are without merit.

Entered:  June 14, 2013                    Frances E. Cafarell
                                           Clerk of the Court