# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1360**

**CA 13-00891**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

SYLVIA WILSON, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

100 CARLSON PARK, LLC AND CARLSON PARK
ASSOCIATES, DEFENDANTS-APPELLANTS.

---

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, ALBANY (CHRISTOPHER
J. MARTIN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

FITZSIMMONS, NUNN & PLUKAS, LLP, ROCHESTER (JASON E. ABBOTT OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered July 31, 2012. The order denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendants contend that Supreme Court erred in denying their motion for summary judgment dismissing the complaint in this premises liability action arising from plaintiff's fall on a set of exterior stairs. We reject that contention. With respect to constructive notice, we conclude that there is an issue of fact whether the defect on the subject stairs was visible and apparent, and defendants failed to meet their initial burden of establishing that the defect did not "exist for a sufficient length of time prior to the accident to permit defendant[s'] employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *see Rogers v Niagara Falls Bridge Commn.*, 79 AD3d 1637, 1638; *Kimpland v Camillus Mall Assoc., L.P.*, 37 AD3d 1128, 1129). In addition, defendants failed to establish that the subject defect was " 'trivial as a matter of law' " (*Werner v Kaleida Health*, 96 AD3d 1569, 1570). "Whether a particular [defect] constitutes a dangerous or defective condition depends on the peculiar facts and circumstances of each case, including the width, depth, elevation, irregularity, and appearance of the defect as well as the time, place, and circumstances of the injury" (*Tesak v Marine Midland Bank*, 254 AD2d 717, 717-718, citing *Trincere v County of Suffolk*, 90 NY2d 976, 977-978). We further conclude that plaintiff's deposition testimony concerning what caused her to fall was sufficient to create an issue of fact on causation (*see Lane v Texas Roadhouse Holdings*, *LLC*, 96 AD3d 1364, 1364-1365). Finally, with respect to whether the artificial lighting

in the area where plaintiff fell was adequate, we conclude that defendants failed to meet their initial burden of establishing their entitlement to judgment as a matter of law on that issue (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Entered: January 3, 2014

Frances E. Cafarell
Clerk of the Court