# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**192**
**CA 14-01391**
PRESENT: PERADOTTO, J.P., CARNI, SCONIERS, AND WHALEN, JJ.

---

MICHELLE CASHION, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

ALEXANDER T. BAJOREK AND JUDITH BAJOREK,
DEFENDANTS-APPELLANTS.

---

SCHNITTER CICCARELLI MILLS PLLC, EAST AMHERST (BRITTANY A. NASRADINAJ OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

NICHOLAS, PEROT, SMITH, BERNHARDT & ZOSH, P.C., AKRON (MICHAELANGELO J. CIERI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Catherine R. Nugent Panepinto, J.), entered October 29, 2013 in a personal injury action. The order denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she slipped and fell from outdoor steps at the home she rented from defendants. Supreme Court denied defendants' motion for summary judgment dismissing the complaint. We affirm.

Contrary to defendants' contentions, we conclude that there are several triable issues of fact precluding summary judgment. First, there is an issue of fact whether they maintained the premises at issue in a reasonably safe condition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We note that the allegedly open and obvious condition of the steps does not absolve defendants of their duty to keep the stairs in a safe condition but, instead, bears only on plaintiff's comparative fault (*see Landahl v City of Buffalo*, 103 AD3d 1129, 1131; *Verel v Ferguson Elec. Constr. Co., Inc.*, 41 AD3d 1154, 1156). Second, there is an issue of fact whether any breach of that duty "was a substantial cause of the events which produced the injury" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314-315, *rearg denied* 52 NY2d 784; *see Hahn v Tops Mkts., LLC*, 94 AD3d 1546, 1548; *Prystajko v Western N.Y. Pub. Broadcasting Assn.*, 57 AD3d 1401, 1403). Finally, there are issues of fact whether defendants created the allegedly dangerous condition (*cf. Navetta v Onondaga Galleries LLC*, 106 AD3d 1468, 1469; *see generally Ohanessian v Chase Manhattan Realty*

*Leasing Corp.*, 193 AD2d 567, 567), and whether defendants had constructive notice of that condition (*see generally Zuckerman*, 49 NY2d at 562; *Wilson v 100 Carlson Park, LLC*, 113 AD3d 1118, 1119).

Entered: March 20, 2015

Frances E. Cafarell
Clerk of the Court