# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1174**
**CA 15-00598**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

JEAN POTTER, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KURT GRAGE, INDIVIDUALLY AND AS OWNER, AND DOING
BUSINESS AS INVISIBLE FENCE OF FINGER LAKES AND
MIDSTATE, DEFENDANT-APPELLANT.

---

LAW OFFICES OF THERESA J. PULEO, SYRACUSE (MICHELLE M. DAVOLI OF
COUNSEL), FOR DEFENDANT-APPELLANT.

GARVEY & GARVEY, BUFFALO (MATTHEW J. GARVEY OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered June 19, 2014. The order denied defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the breach of warranty claim, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she tripped over a wire that was installed by defendant as a component of an invisible fence, to keep her dog on her property. The wire was supposed to be buried, but at the time of the accident defendant had not yet buried it. In her complaint, plaintiff alleged that she sustained injuries based on defendant's negligence and breach of warranty.

We agree with defendant that Supreme Court erred in denying that part of his motion for summary judgment dismissing the breach of warranty claim, and we therefore modify the order accordingly. "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569; *see General Motors, LLC v B.J. Muirhead Co., Inc.*, 120 AD3d 927, 928; *Davies v Jerry*, 107 AD3d 1553, 1554). Here, the warranty in the parties' contract of sale provided that defendant was liable for products that were defective by reason of improper workmanship, but further provided that the customer's sole remedy for breach because of this defect was to have the defective equipment repaired or replaced. In support of his motion, defendant submitted evidence that, when he became aware that

plaintiff had tripped on the subject wire, defendant came to the property and buried the wire.  Defendant therefore established that plaintiff has no further remedy for breach of warranty, and plaintiff failed to raise an issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Contrary to defendant's further contention, however, the court properly denied that part of the motion seeking summary judgment dismissing the negligence claim.  A defendant "may be liable in tort when it has breached a duty of reasonable care distinct from its contractual obligations, or when it has engaged in tortious conduct separate and apart from its failure to fulfill its contractual obligations" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316; *see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389). We conclude that plaintiff may maintain a separate negligence claim under the circumstances of this case, in which she alleged that defendant negligently failed to correct a dangerous condition, of which he had actual or constructive notice (*see Anderson v Nottingham Vil. Homeowner's Assn., Inc.*, 37 AD3d 1195, 1198, *amend on rearg* 41 AD3d 1324; *see generally New York Univ.*, 87 NY2d at 316).  In support of his motion, defendant failed to establish his entitlement to summary judgment dismissing that claim (*see generally Zuckerman*, 49 NY2d at 562).  Even assuming, arguendo, that the dangerous condition was open and obvious, we conclude that such condition is relevant only to plaintiff's comparative fault and does not absolve defendant of his duty (*see Cashion v Bajorek*, 126 AD3d 1354, 1354).

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court