Buchovecky v S & J Morrell, Inc. (2019 NY Slip Op 06269)





Buchovecky v S & J Morrell, Inc.


2019 NY Slip Op 06269


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


514 CA 18-02352

[*1]DENNIS BUCHOVECKY AND ELAINE BUCHOVECKY, PLAINTIFFS-RESPONDENTS,
v
S & J MORRELL, INC., DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






OSBORN, REED & BURKE, LLP, ROCHESTER (MICHAEL C. PRETSCH OF COUNSEL), FOR DEFENDANT-APPELLANT.
THE ZOGHLIN GROUP, PLLC, ROCHESTER (JACOB H. ZOGHLIN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, J.), entered July 10, 2018. The order granted plaintiffs' motion to dismiss the counterclaim of defendant S & J Morrell, Inc. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking to recover for damages that occurred when their property was inundated by a flood allegedly caused by the negligence of defendants and, in its answer,
S & J Morrell, Inc. (defendant), interposed a counterclaim against plaintiffs for indemnification. Defendant appeals from an order that granted plaintiffs' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the counterclaim. We affirm.
Even assuming, arguendo, that the counterclaim states a cause of action within the meaning of CPLR 3211 (a) (7), we conclude that Supreme Court properly granted the motion pursuant to CPLR 3211 (a) (1). A motion to dismiss a counterclaim pursuant to CPLR 3211 (a) (1) will be granted if "the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of [defendant's] claim[s]" (Baumann Realtors, Inc. v First Columbia Century—30, LLC, 113 AD3d 1091, 1092 [4th Dept 2014] [internal quotation marks omitted]; see Murnane Bldg. Contrs., LLC v Cameron Hill Constr., LLC, 159 AD3d 1602, 1603 [4th Dept 2018]).
In its counterclaim, defendant seeks to hold plaintiffs liable for indemnification pursuant to an agreement between defendant and 79 Coville Street, LLC (LLC), a New York limited liability company that is owned by plaintiffs. In support of their motion, plaintiffs submitted that agreement, which includes an indemnification clause by which the LLC agreed to indemnify defendant for all damages to the LLC's property arising from work that defendant was performing on a neighboring property. The damage for which plaintiffs seek recovery in this action allegedly occurred on a parcel of property owned by plaintiffs, which is separate from both the LLC's property and the property on which defendant was performing the work that allegedly caused the flooding.
"[A] contract assuming th[e] obligation [to indemnify] must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed . . . In other words, we may not extend the language of an indemnification clause to include damages which are neither expressly within its terms nor of such character that it is reasonable to infer that they were [*2]intended to be covered under the contract" (Autocrafting Fleet Solutions, Inc. v Alliance Fleet Co., 148 AD3d 1564, 1565-1566 [4th Dept 2017] [internal quotation marks omitted]; see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]). "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent . . . The best evidence of what parties to a written agreement intend is what they say in their writing . . . Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms . . . A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion . . . Thus, if the agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract" (Greenfield v Philles Records, 98 NY2d 562, 569-570 [2002] [internal quotation marks omitted]; see Potter v Grage, 133 AD3d 1248, 1249 [4th Dept 2015]). Here, the court properly determined that the indemnification clause is only susceptible of one meaning, and that it may not be interpreted to require that the LLC indemnify defendant for damage that defendant causes to a property other than the LLC's property. Thus, the motion to dismiss the counterclaim pursuant to CPLR 3211 (a) (1) was "appropriately granted [inasmuch as] the documentary evidence utterly refutes [defendant's] factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]).
Defendant's further contention that we should reverse the order, deny the motion and reinstate the counterclaim in order to permit defendant to pierce the corporate veil and seek to hold plaintiffs personally liable for indemnification is without merit. The doctrine of piercing the corporate veil "assumes that the corporation itself is liable for the obligation sought to be imposed [and thus] does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]; see generally Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 49-50 [2018]). Here, inasmuch as the agreement does not require the LLC to indemnify defendant for damages caused to properties other than the property owned by the LLC, there is no basis upon which to pierce the corporate veil.
In any event, even assuming, arguendo, that the agreement could reasonably be interpreted to provide that the LLC had agreed to indemnify defendant for damages that it caused to plaintiffs' property, we conclude that there is no basis to pierce the corporate veil. It is well settled that a party "seeking to pierce the corporate veil must establish that the owners, through their domination, abused the privilege of doing business in the corporate form, thereby perpetrating a wrong that resulted in injury to the [party seeking to pierce the corporate veil]" (McCloud v Bettcher Indus., Inc., 90 AD3d 1680, 1681 [4th Dept 2011] [internal quotation marks omitted]; see Abbott v Crown Mill Restoration Dev., LLC, 109 AD3d 1097, 1101 [4th Dept 2013]). Here, defendant did not allege any facts from which it could be established that plaintiffs abused the privilege of doing business in the corporate form (see generally TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339-340 [1998]; Morris, 82 NY2d at 141-142).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court