Jones v County of Chenango (2020 NY Slip Op 01229)





Jones v County of Chenango


2020 NY Slip Op 01229


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

528241

[*1]Vicki Jones, Respondent,
v
County of Chenango, Defendant, and Countryside Stove & Chimney of Oxford, New York, et al., Appellants.

Calendar Date: January 15, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Costello, Cooney & Fearon, PLLC, Camillus (Erin K. Skuce of counsel), for appellants.
Law Office of Ronald R. Benjamin, Binghamton (Ronald R. Benjamin of counsel), for respondent.



Devine, J.
Appeal from an order of the Supreme Court (Burns, J.), entered November 27, 2018 in Chenango County, which denied a motion by defendants Countryside Stove & Chimney of Oxford, New York and Peter Faber for summary judgment dismissing the complaint against them.
Plaintiff qualified for Home Energy Assistance Program assistance to have a chimney liner installed at her home. Defendant Peter Faber does business as defendant Countryside Stove & Chimney of Oxford, New York (hereinafter Countryside), a program vendor that performed the installation work for plaintiff. Plaintiff did not have a direct contractual relationship with Faber or Countryside (hereinafter collectively referred to as defendants), who performed the work for, and were paid by, defendant County of Chenango (see Social Services Law § 97; 18 NYCRR 393.2). Plaintiff thereafter commenced this action against defendants and the County, alleging that defendants' work was negligent. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint against them. Supreme Court denied the motion, prompting this appeal by defendants.
Defendants were not entitled to summary judgment dismissing the complaint in its entirety. Defendants were "necessarily required . . . to directly perform services at plaintiff's" home to satisfy their contractual obligations, provided those services under a program intended to benefit plaintiff and were required by that program to repair any damage they caused to the home, all of which evinces the clear intent of defendants and the County to make plaintiff the intended third-party beneficiary of their contract (Finch, Pruyn & Co. v Wilson Control Servs., 239 AD2d 814, 816 [1997]; see Binghamton Masonic Temple v City of Binghamton, 213 AD2d 742, 745-746 [1995], lv denied 85 NY2d 811 [1995]). Plaintiff could have therefore asserted a claim for breach of contract, but limited herself to a claim for negligence that will not lie "unless a legal duty independent of the contract itself has been violated" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]; accord Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 711 [2018]; see 517 Union St. Assoc. LLC v Town Homes of Union Sq. LLC, 176 AD3d 1350, 1351 [2019]). It must, as a result, be shown that defendants owed a duty of care to plaintiff "spring[ing] from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d at 389; accord Kyer v Ravena-Coeymans-Selkirk Cent. Sch. Dist., 144 AD3d 1260, 1261 [2016]).
In assessing whether such a duty existed, we note that defendants were engaged to install a stainless steel liner in plaintiff's chimney "in a professional manner." Plaintiff alleges that the contracted-for work was done improperly and prevented the adequate venting of furnace exhaust. She also alleges deficiencies beyond that work, however, contending that defendants negligently failed to address visible deterioration of the chimney and surrounding roof that allowed water to infiltrate the home and caused mold growth that damaged both the home and the personalty within it. In response to defendants' motion for summary judgment, plaintiff provided the affidavit of an engineer who opined that the obvious problems with the roof and chimney should have been addressed by defendants while they were repairing adjacent parts of the chimney.[FN1] It is further notable that the work was paid for by public funds and aimed at helping plaintiff meet her "immediate home energy needs" (42 USC § 8621 [a]), both of which show a "public interest in seeing it performed with reasonable care" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 316 [1995]; see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d at 711). Accordingly, after "consider[ing] the nature of the injury, the manner in which the injury occurred and the resulting harm," we conclude that defendants owed plaintiff a duty of reasonable care distinct from their contractual obligations (Sommer v Federal Signal Corp., 79 NY2d 540, 552 [1992]; see Potter v Grage, 133 AD3d 1248, 1249 [2015]; Anderson v Nottingham Vil. Homeowner's Assn., Inc., 37 AD3d 1195, 1198 [2007]).
With that in mind, although defendants satisfied their initial burden upon their motion for summary judgment, the affidavit of plaintiff's expert and annexed evidence raised material questions of fact as to whether defendants' conduct was negligent and caused damages to plaintiff's home and property (see Philwold LLC v Inergy LP, 140 AD3d 1272, 1274-1275 [2016]). Inasmuch as plaintiff withdrew any claim of personal injury and "mere observance of the negligently imposed physical damage to her home is insufficient to support her claim of emotional distress," however, Supreme Court should have granted defendants' motion and dismissed the complaint to the extent that damages were demanded for that distress (Graber v Bachman, 27 AD3d 986, 987-988 [2006]; see Kenneth S. v Berkshire Farm Ctr. & Servs. for Youth, 36 AD3d 1092, 1094 [2007]).
Lynch, J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of the motion by defendants Countryside Stove & Chimney of Oxford, New York and Peter Faber seeking dismissal of the claim for emotional distress damages in the first cause of action; motion granted to that extent and said claim dismissed; and, as so modified, affirmed.



Footnotes

Footnote 1: The opinion offered by plaintiff's engineer was based upon his own inspection of the premises, as well as his review of the affidavit by defendants' expert engineer, and we do not agree with defendants that the opinion was so speculative or lacking in factual foundation that it must be disregarded (see e.g. Salinas v World Houseware Producing Co., Ltd., 34 NY3d 925, 926 [2019]; Bockelmann v New Paltz Golf Course, 284 AD2d 783, 783-784 [2001], lv denied 97 NY2d 602 [2001]).