GSMS 2015-GC34 Commerce Ct., LLC v Calamar Constr. Mgt., Inc. (2025 NY Slip Op 00770)

GSMS 2015-GC34 Commerce Ct., LLC v Calamar Constr. Mgt., Inc.

2025 NY Slip Op 00770

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., OGDEN, DELCONTE, AND HANNAH, JJ.

919 CA 24-00297

[*1]GSMS 2015-GC34 COMMERCE COURT, LLC, PLAINTIFF-RESPONDENT,
v
CALAMAR CONSTRUCTION MANAGEMENT, INC., DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

HODGSON RUSS LLP, NEW YORK CITY (CARMINE J. CASTELLANO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MCCARTER & ENGLISH, LLP, NEW YORK CITY (GREGORY J. MASCITTI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order and judgment (one paper) of the Supreme Court, Niagara County (Edward Pace, J.), entered August 21, 2023. The order and judgment, insofar as appealed from, granted plaintiff's motion for partial summary judgment. 
It is hereby ORDERED that the order and judgment insofar as appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: Plaintiff commenced this action seeking to eject defendant from multiple office suites, as well as for an award of damages, alleging that defendant failed to pay rent due pursuant to two commercial lease agreements executed in 2015. Plaintiff thereafter moved for summary judgment on its fifth and sixth causes of action, for ejectment, and for partial summary judgment as to liability on its first and second causes of action, for breach of contract. In support of the motion, plaintiff attached copies of the 2015 lease agreements and submitted a factual affidavit averring that plaintiff, as the current owner of the underlying real property, was the successor to the original lessor under the 2015 lease agreements and that defendant had failed to pay the rent due under the 2015 lease agreements since March 2022. Defendant opposed the motion, submitting a 2019 lease agreement between it and plaintiff's predecessor in interest that, inter alia, terminated the 2015 lease agreements and created a new, single lease agreement covering the original and additional office space. Defendant also submitted an affidavit from its controller averring that defendant had made all payments under the 2015 lease agreements as well as some "additional rent" payments under the 2019 lease agreement, and that plaintiff had failed to perform its obligations to provide certain services under the 2019 lease agreement. Supreme Court, although determining that there are triable issues of fact as to which of the lease agreements controls and the amount of unpaid rent owed by defendant, granted plaintiff's motion. The court also ordered, pursuant to CPLR 3212 (g) that certain facts were not in dispute and were deemed established for all purposes in this action. Defendant subsequently moved pursuant to CPLR 5519 (a) (6) to fix an undertaking and automatically stay enforcement of the summary judgment order and judgment (5519 motion), and plaintiff cross-moved to vacate, limit, or modify the stay pursuant to CPLR 5519 (c). The court denied plaintiff's cross-motion and fixed an undertaking. As limited by its brief, defendant now appeals in appeal No. 1 from the order and judgment to the extent that it granted plaintiff's motion. In appeal No. 2, defendant appeals and plaintiff cross-appeals from the order granting the 5519 motion and denying the cross-motion.
With respect to appeal No. 1, we agree with defendant that triable issues of fact preclude the grant of plaintiff's summary judgment motion (see Matter of Watson, 8 AD3d 1092, 1094 [*2][4th Dept 2004]; see also Blagio Rest., Inc. v C.E. Props., Inc., 127 AD3d 1006, 1007 [2d Dept 2015]; see generally Cashion v Bajorek, 126 AD3d 1354, 1354 [4th Dept 2015]). Specifically, based on the record before us, there are triable issues of fact whether defendant is in default under the 2019 agreement, which is material to elements of plaintiff's causes of action for ejectment (see City of New York v Anton, 169 AD3d 999, 1001 [2d Dept 2019], lv denied 34 NY3d 906 [2019]) and breach of contract (see Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc., 111 AD3d 1374, 1376 [4th Dept 2013], lv denied 22 NY3d 864 [2014]). We therefore reverse the order and judgment insofar as appealed from.
Defendant's remaining contention in appeal No. 1 is academic in light of our determination.
With respect to appeal No. 2, the appeal and cross-appeal are dismissed inasmuch as those issues have been rendered moot by our determination in appeal No. 1.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court