Wheeler v Linden Plaza Preserv., LP (2026 NY Slip Op 00604)

Wheeler v Linden Plaza Preserv., LP

2026 NY Slip Op 00604

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Manzanet-Daniels, J.P., González, Shulman, Pitt-Burke, Chan, JJ. 

Index No. 150079/17|Appeal No. 5771|Case No. 2025-00660|

[*1]Deborah Wheeler, Plaintiff-Respondent-Appellant,
vLinden Plaza Preservation, LP, et al., Defendants-Appellants-Respondents, RY Management Co. Inc., Defendant-Respondent-Appellant, Madison Security Group, Inc., Defendant-Respondent.

Gallo Vitucci Klar LLP, New York (MÓnica Romero of counsel), for appellants-respondents.
Peter H. Paretsky, New York, for Deborah Wheeler, respondent-appellant.
Wood Smith Henning & Berman, LLP, White Plains (Christopher J. McClain of counsel), for RY Management Co. Inc., respondent-appellant.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered January 13, 2025, which, to the extent appealed from as limited by the briefs, granted defendant Madison Security Group's motion for summary judgment dismissing the complaint and all cross-claims against it, denied the separate motions of defendants Linden Plaza Preservation, LP and Linden Plaza Housing Co., Inc., and of RY Management Co. Inc. for summary judgment dismissing the complaint and all cross-claims against them, and dismissed plaintiff's claim for punitive damages, unanimously modified, on the law, to grant the motions of Linden Plaza Preservation and Linden Plaza Housing, and RY Management, and otherwise affirmed, without costs.
This action arises from the eviction of plaintiff from her apartment, which plaintiff states was legal. Plaintiff alleges that, after her ouster, defendants denied her access to the apartment to obtain medicines and medical supplies, despite her having obtained a court order on November 2, 2016 permitting her limited access.
Supreme Court properly granted defendant Madison Security's motion for summary judgment because Madison Security, which contracted with RY Management to provide security services in the apartment building, did not owe a duty to plaintiff (see Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]).
However, Supreme Court should have also granted the motions of defendants Linden Plaza Preservation and Linden Plaza Housing, and RY Management because those defendants demonstrated prima facie entitlement to summary judgment on plaintiff's negligence claims. Defendants submitted the affidavit of a clinical neuropsychologist who opined that plaintiff's inability to retrieve her medications and medical supplies for the stated period did not have an adverse effect on her mental condition. In opposition, plaintiff failed to present evidence sufficient to raise a triable issue of fact as to damages. Plaintiff presented no evidence to dispute the opinion of the clinical neuropsychologist or that demonstrated that her physical condition deteriorated as a result of the lock out. Because damages are a necessary element of a negligence cause of action (see Paternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 825 [2016]), summary judgment was warranted.
In any event, the causes of action were legally deficient. The negligent training and negligent supervision claims were defective because the complaint alleged that defendants' employees were acting within the scope of their employment when they denied her access to the apartment (see Medina v City of New York, 102 AD3d 101, 108 [1st Dept 2012]). Although there is an exception to this principle where the injured plaintiff is seeking punitive damages (id.), here, the conduct cited in the complaint was insufficient to support a recovery for punitive damages. Defendants' alleged denial of access to the apartment after plaintiff obtained a court order was not aimed at the public generally, gross, or involve high moral culpability, but rather an isolated incident related to the conduct of a legitimate business (see Fischer v Machon Bais Yaakov, 176 AD2d 655, 656 [1st Dept 1991]).
Plaintiff's trespass to chattel cause of action was defective because no evidence was presented that plaintiff's medications or medical supplies were damaged (see Abrams v Pecile, 115 AD3d 565, 566 [1st Dept 2014]). The conversion claim was also unsupported because a lawful eviction and storage of a tenant's property does not constitute a conversion (see Priester v R.F.H Realty Corp., 13 Misc2d 446, 447 [2d Dept 1958]).
Finally, summary judgment on the negligent infliction of emotional distress cause of action was warranted because there was no evidence that plaintiff was ever in physical danger, and she testified that she had no physical contact with the building superintendent (see Allstate Ins. Co. v Burger King Corp., 25 AD3d 472, 472 [1st Dept 2006]; see also Stanley v Smith, 183 AD2d 675, 676 [1st Dept 1992]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026