■ GURDHIAN SINGH et al., Appellants-Respondents, v SIX TEN MANAGEMENT CORP., Defendant and Third-Party Plaintiff-Respondent-Appellant. PETER & B. CONSTRUCTION, INC., Third-Party Defendant-Respondent. [823 NYS2d 186]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated May 18, 2005, as denied their motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and the defendant third-party plaintiff separately appeals from so much of the same order as denied its cross motion for summary judgment on its third-party cause of action for contractual indemnification against the third-party defendant.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendant third-party plaintiff payable by the plaintiffs and one bill of costs to the third-party defendant payable by the defendant third-party plaintiff.

In response to the plaintiffs' prima facie showing of entitle-

ment to judgment as a matter of law on the issue of liability pursuant to Labor Law § 240 (1), the defendant third-party plaintiff raised triable issues of fact as to how the injured plaintiff's accident happened and whether a violation of Labor Law § 240 (1) occurred (*see Cajamarca v Interconex, Inc.,* 8 AD3d 602 [2004]; *Boguszewski v Solo Salon & Spa,* 309 AD2d 777 [2003]; *see also Ortiz v Turner Constr. Co.,* 28 AD3d 627 [2006]; *Piontek v Huntington Pub. Lib.,* 306 AD2d 334 [2003]; *Olberding v Dixie Contr.,* 302 AD2d 574 [2003]). Accordingly, the plaintiffs' motion was properly denied (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

The Supreme Court properly denied the cross motion of the defendant third-party plaintiff. Florio, J.P., Krausman, Luciano and Skelos, JJ., concur.