JEFFREY KIMPLAND, Appellant, v CAMILLUS MALL ASSOCIATES, L.P., Respondent. [829 NYS2d 354]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered February 28, 2006. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.

Memorandum: Plaintiff commenced this negligence action seeking damages for injuries he sustained when he slipped and fell in a parking lot owned by defendant. Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. Defendant argued in support of its motion that plaintiff could not set forth any evidence of negligence on defendant's part or defendant's actual or constructive notice of any allegedly dangerous condition. Although plaintiff has such a burden at trial, on this motion for summary judgment, defendant has the burden of establishing its entitlement to judgment as a matter of law (*see Guck v Palozzi*, 269 AD2d 777, 778 [2000]; *Jordan v Musinger*, 197 AD2d 889 [1993]). Defendant failed to meet its burden of establishing that it did not create or have actual or constructive notice of the allegedly defective condition (*see Frazier v Pioneer Cent. School Dist.*, 298 AD2d 875 [2002]; *Guck*, 269 AD2d at 778). In support of its motion, defendant submitted only the pleadings and the deposition

testimony of plaintiff, where plaintiff testified that he slipped on black ice in defendant's parking lot. Defendant submitted no evidence to establish "that the ice formed so close in time to the accident that [it] could not reasonably have been expected to notice and remedy the condition" (*Jordan,* 197 AD2d at 890; *see Stalker v Crestview Cadillac Corp.,* 284 AD2d 977, 978 [2001]). Present—Martoche, J.P., Smith, Centra, Lunn and Fahey, JJ.