■ PAUL A. ZEMOTEL et al., Respondents, v JELD-WEN, INC., Doing Business as MR. 2ND's BARGAIN OUTLET, Doing Business as GROSSMAN's BARGAIN OUTLET, Appellant and Third-Party Plaintiff-Appellant. THOMAS MICHELS, Individually and Doing Business as SONNY's SNOWPLOWING AND LAWN SERVICE, Third-Party Defendant-Respondent. [857 NYS2d 847]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered September 25, 2007 in a personal injury action. The order denied the cross motion of defendant-third-party plaintiff for summary judgment dismissing the complaint and granted the motion of third-party defendant for summary judgment dismissing the third-party complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Paul A. Zemotel (plaintiff) when he slipped and fell on ice beneath a puddle of water in the back lot of a store owned by defendant and third-party plaintiff (hereafter, Jeld-Wen). Supreme Court properly denied Jeld-Wen's cross motion for summary judgment dismissing the complaint. Jeld-Wen failed to meet its "initial burden of establishing that it did not create the dangerous condition that caused plaintiff to fall and did not have actual or constructive notice thereof"

(*Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc.*, 15 AD3d 857, 857 [2005]; *see Kimpland v Camillus Mall Assoc., L.P.*, 37 AD3d 1128 [2007]). In any event, even assuming, arguendo, that Jeld-Wen met its initial burden, we conclude that plaintiffs raised an issue of fact to defeat the motion. Contrary to Jeld-Wen's contention, the expert affidavit submitted by plaintiffs was not speculative and was properly based on data from the National Climatic Data Center (*see* CPLR 4528). That affidavit raised an issue of fact concerning Jeld-Wen's constructive notice of the alleged dangerous condition, i.e., whether that condition was present "for a sufficient length of time prior to the accident to permit [Jeld-Wen's] employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

We further conclude that the court properly granted the motion of third-party defendant (hereafter, Michels) for summary judgment dismissing the third-party complaint. With respect to that part of the first cause of action seeking common-law contribution, Michels met its initial burden and Jeld-Wen failed to demonstrate how Michels "may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons" based on the snowplowing contract with Jeld-Wen (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). To the contrary, the record establishes that Michels could not plow or salt the back lot unless a Jeld-Wen employee unlocked a gate allowing him access to the back lot and that, when Michels had not plowed or salted, Jeld-Wen employees would shovel and salt the back lot. We thus conclude that Jeld-Wen failed to establish that Michels "owed [it] a duty of reasonable care independent of its contractual obligations or that [Michels] breached a duty of due care owed directly to plaintiff[ ]" (*Nizam v Friol*, 294 AD2d 901, 902 [2002]; *see Phillips v Young Men's Christian Assn.*, 215 AD2d 825, 827 [1995]). Further, to the extent that the first cause of action is based on a theory of "implied indemnity," that theory also fails because Jeld-Wen reserved authority to salt the back lot when needed, and that retention of responsibility and control "defeats its implied indemnity claim as a matter of law" (*Salisbury v Wal-Mart Stores*, 255 AD2d 95, 98 [1999]). With respect to the second cause of action, for contractual indemnification, the contract does not contain an indemnification clause, and thus there is no basis for the imposition of liability against Michels on that ground (*see Rosado v Proctor & Schwartz*, 66 NY2d 21, 25 [1985]). Present—Scudder, P.J., Hurlbutt, Centra, Green and Gorski, JJ.