TIMOTHY TRALA, Plaintiff, v HUSSEIN AFIF, Defendant and Third-Party Plaintiff-Respondent. ROBERT PAWLIK, Third-Party Defendant-Appellant. [872 NYS2d 609]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered February 8, 2008 in a personal injury action. The order denied the motion of third-party defendant for summary judgment dismissing the third-party complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the third-party complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped and fell on snow and ice on the driveway of property owned by defendant and third-party plaintiff (defendant). At the time of the accident, defendant had hired third-party defendant to remove snow from the driveway, but there was no written contract for those services. Defendant commenced the third-party action seeking contribution and indemnification on the grounds that third-party defendant was negligent and had breached the alleged snow removal contract. We conclude that Supreme Court erred in denying the motion of third-party defendant for summary judgment dismissing the third-party complaint inasmuch as he met his burden of establishing his entitlement to judgment as a matter of law, and defendant failed to raise a triable issue of fact in opposition to the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

To the extent that the third-party complaint, as amplified by the bill of particulars, asserts a claim for contribution, we conclude that third-party defendant met his burden of establishing that he did not owe defendant a duty of care independent of the alleged contract (*see Zemotel v Jeld-Wen, Inc.*, 50 AD3d 1586, 1587 [2008]). Contrary to the further contention of defendant, his retention of responsibility and control over the premises precludes his recovery on the common-law indemnification cause of action (*see id.*). Finally, with respect to the cause of action for contractual indemnification, we conclude that there is no basis upon which to impose liability against third-party defendant inasmuch as he established that at the time of the accident there was no snow removal contract containing an indemnification provision (*see Zemotel*, 50 AD3d at 1587; *see also Miller v Mott's Inc.*, 5 AD3d 1019, 1020 [2004]). Present—Scudder, P.J., Hurlbutt, Fahey and Pine, JJ.