█ NICHOLAS J. ROGERS, Respondent, v NIAGARA FALLS BRIDGE COMMISSION, Appellant. [914 NYS2d 539]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered August 18, 2009 in a personal injury action. The order denied the motion of defendant and cross motion of plaintiff.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he allegedly slipped and fell on black ice in a parking lot owned by defendant. Defendant contends that Supreme Court erred in denying its motion for summary judgment dismissing the complaint. We reject that contention inasmuch as defendant failed to meet its initial burden of establishing that it did not have constructive notice of the allegedly dangerous condition. In support of its motion, defendant submitted, inter alia, the deposition testimony of plaintiff, who testified that he slipped on black ice, and the dep-

*osition* testimony of an employee of defendant, who testified that there were no procedures for regularly inspecting the premises and that he knew of no inspection that took place on the day of the accident. Thus, "[d]efendant submitted no evidence to establish 'that the ice formed so close in time to the accident that [it] could not reasonably have been expected to notice and remedy the condition' " (*Kimpland v Camillus Mall Assoc., L.P.*, 37 AD3d 1128, 1129 [2007]). Even assuming, arguendo, that defendant met its initial burden, we conclude that plaintiff raised a triable issue of fact sufficient to defeat the motion. "Contrary to [defendant's] contention, the expert affidavit submitted by plaintiff[ ] was not speculative and was properly based on data from the National Climatic Data Center" (*Zemotel v Jeld-Wen, Inc.*, 50 AD3d 1586, 1587 [2008]). Present—Smith, J.P., Fahey, Lindley, Sconiers and Gorski, JJ.