# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

91

CA 11-01689

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND MARTOCHE, JJ.

---

GORDON LILLIE AND JOYCE LILLIE,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

WILMORITE, INC., DOING BUSINESS AS GREECE RIDGE
CENTER, DEFENDANT-APPELLANT-RESPONDENT.

---

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (VALERIE L. BARBIC OF
COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

KAMMHOLZ MESSINA, LLP, VICTOR (CHARLES D. STEINMAN OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from a judgment and order (one paper) of
the Supreme Court, Monroe County (John J. Ark, J.), entered December
7, 2010 in a personal injury action. The judgment and order denied
the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that said cross appeal is unanimously
dismissed, the judgment and order is reversed on the law without
costs, the motion is granted, and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for
injuries sustained by plaintiff Gordon Lillie when he slipped and fell
on a patch of black ice in the parking lot of the Mall at Greece Ridge
Center (mall). Defendant, the mall's property management company,
moved for summary judgment dismissing the complaint on the ground that
it did not have actual or constructive notice of the ice upon which
plaintiff slipped and fell. We agree with defendant on its appeal
that Supreme Court erred in denying the motion. Defendant met its
initial burden of demonstrating that it had neither actual notice of
the icy condition in question nor constructive notice thereof,
inasmuch as the patch of black ice was not "visible and apparent," and
plaintiffs failed to raise a triable issue of fact in opposition
(*Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *see
Phillips v Henry B'S, Inc.*, 85 AD3d 1665, 1666; *Mullaney v Royalty
Props., LLC*, 81 AD3d 1312).

In addition, plaintiffs' cross appeal must be dismissed because
they are not aggrieved by the judgment and order denying defendant's
motion (*see generally Town of Massena v Niagara Mohawk Power Corp.*, 45
NY2d 482, 488). To the extent that plaintiffs contend as an
alternative ground for affirmance that their meteorologist's expert

affidavit was sufficient to raise a triable issue of fact and that the court erred in disregarding it (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546), we reject that contention.  The climatological data upon which the meteorologist based his opinions was not submitted therewith, and thus the affidavit lacked an adequate factual foundation and was of no probative value (*see Walter v United Parcel Serv., Inc.*, 56 AD3d 1187; *Schuster v Dukarm*, 38 AD3d 1358, 1359; *see generally Romano v Stanley*, 90 NY2d 444, 452).  In any event, the expert's opinion would not change our determination herein (*cf. Zemotel v Jeld-Wen, Inc.*, 50 AD3d 1586).

Entered:  February 10, 2012                          Frances E. Cafarell
                                                     Clerk of the Court