# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

995

CA 12-00543

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

DONALD C. QUIGLEY, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHERYN BURNETTE, INDIVIDUALLY AND DOING
BUSINESS AS COUNTRY CORNER STORE,
DEFENDANT-APPELLANT.

---

WILLIAMSON, CLUNE & STEVENS, ITHACA (ALLAN C. VANDEMARK OF COUNSEL),
FOR DEFENDANT-APPELLANT.

DEVALK, POWER, LAIR & WARNER, P.C., SODUS (RICHARD L. DEVALK OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Wayne County (John B.
Nesbitt, A.J.), entered June 27, 2011. The order denied the motion of
defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion in part and
dismissing the complaint to the extent that the complaint, as
amplified by the bill of particulars, alleges that defendant had
actual notice of the allegedly dangerous condition and as modified the
order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries that he sustained when he fell near the gasoline pumps in the
parking lot of defendant's store. Plaintiff alleges that he slipped
and fell on an icy puddle that was formed by water running off the
canopy above the fuel pumps onto the pavement below. Defendant moved
for summary judgment dismissing the complaint on the grounds that she
did not have actual or constructive notice of the allegedly dangerous
condition or create the condition. We conclude that Supreme Court
erred in denying the motion with respect to the allegation that
defendant had actual notice of the allegedly dangerous condition but
otherwise properly denied the motion. We therefore modify the order
accordingly.

Defendant met her initial burden with respect to actual notice by
submitting evidence that she was not aware of the allegedly dangerous
condition, and plaintiff failed to raise a triable issue of fact in
opposition (*see Robertson v Masiello*, 21 AD3d 1259, 1260). Defendant
failed to meet her initial burden with respect to constructive notice,
however, and thus the court properly denied her motion to that extent

(*see generally Monroe v New York State Elec. & Gas Corp*., 186 AD2d 1019, 1020). In support of her motion, defendant submitted, inter alia, the deposition testimony of an employee who stated that there were no inspection procedures in place at the time of the accident and that he could not recall whether there had been any maintenance of the parking lot that day. "Thus, [d]efendant submitted no evidence to establish that the ice formed so close in time to the accident that [she] could not reasonably have been expected to notice and remedy the condition" (*Rogers v Niagara Falls Bridge Commn*., 79 AD3d 1637, 1638 [internal quotation marks omitted]; *see Kimpland v Camillus Mall Assoc., L.P.*, 37 AD3d 1128, 1129). Even assuming, arguendo, that defendant met her initial burden, we conclude that plaintiff raised a triable issue of fact sufficient to defeat that part of the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Finally, we conclude that defendant failed to meet her initial burden of establishing that she did not create the allegedly dangerous condition (*see Kimpland*, 37 AD3d at 1128), and thus the court also properly denied her motion to that extent.

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court