Appeal and cross appeal from an order of the Supreme Court, Oswego County (Norman W Seiter, Jr., J.), entered February 11, 2013. The order, among other things, denied in part the motion of defendant for summary judgment.
It is hereby ordered that the order so appealed from is modified on the law by granting defendant’s motion in its entirety and dismissing the amended complaint and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Garrett Hargrave (plaintiff) when he tripped on a piece of old insulation and fell on a stack of boards on a flat roof. The Penn Yan Central School District (District) hired de *1271 fendant as the construction manager on a capital facilities project at its senior high school, and hired plaintiffs employer as the roofing contractor. At the time of his injury, plaintiff was walking backward on the roof dragging a new piece of insulation from one section of the roof to another section where his coworkers were working. Plaintiff testified at his deposition that a piece of old insulation had blown over from an upper roof into his path, causing him to trip. Supreme Court granted defendant’s motion seeking summary judgment dismissing the amended complaint in part, dismissing only the Labor Law §§ 240 (1) and 241 (6) causes of action, and plaintiffs now appeal and defendant cross-appeals. Plaintiffs raise no issues on appeal with respect to section 240 (1) and thus are deemed to have abandoned any issues with respect thereto (see Hale v Odd Fellow & Rebekah Health Care Facility, 302 AD2d 948, 949 [2003]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [1994]).
We reject plaintiffs’ contention on their appeal that defendant was liable pursuant to Labor Law § 241 (6) as an agent of the District. A construction manager may be liable as an agent of the owner if “the manager had the ability to control the activity which brought about the injury” (Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]). “ ‘Defendant established as a matter of law that it was not an agent of the owner because the owner had not delegated to it the authority to supervise and control plaintiffs work’ ” (Rowland v Wilmorite, Inc., 68 AD3d 1770, 1770 [2009]). Pursuant to the express terms of the contract between defendant and the District, defendant “had no control over or responsibility for the safety of the workers at the construction site” (Titus v Kirst Constr., Inc., 43 AD3d 1324, 1325 [2007]; see Uzar v Louis P. Ciminelli Constr. Co., Inc., 53 AD3d 1078, 1079 [2008]; Bateman v Walbridge Aldinger Co., 299 AD2d 834, 835 [2002], lv denied 100 NY2d 502 [2003]). The deposition testimony and affidavits submitted by defendant established that defendant acted in accordance with its authority under the contract, i.e., coordinating the schedules of the contractors and ensuring that their work complied with the requirements of the construction documents, and did nothing more. Plaintiffs failed to raise a triable issue of fact whether defendant was liable as an agent of the District (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We agree with defendant on its cross appeal that the court erred in denying those parts of its motion seeking dismissal of the Labor Law § 200 and common-law negligence causes of action, and we therefore modify the order by dismissing the amended complaint in its entirety. “Where the alleged defect or *1272 dangerous condition arises from the contractor’s methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200” (Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; see McCormick v 257 W. Genesee, LLC, 78 AD3d 1581, 1581 [2010]). On the other hand, where the “ ‘plaintiffs injuries stem not from the manner in which the work was being performed[ ] but, rather, from a dangerous condition on the premises, [an owner or] general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition’ ” (Miller v Sacarino Constr. Corp., 103 AD3d 1137, 1138 [2013]). Regardless of which theory applies here, defendant was not an agent of the owner and “was not responsible either for the performance of [plaintiffs] work or the premises on which that work was undertaken” (id. at 1139). Defendant therefore met its initial burden with respect to the section 200 and common-law negligence causes of action, and plaintiffs failed to raise a triable issue of fact (see generally Zuckerman, 49 NY2d at 562).
All concur except Whalen, J., who dissents and votes to modify in accordance with the following memorandum.