# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

154
CA 15-00877
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

LISA BLANCHFIELD, PLAINTIFF-RESPONDENT,

                V                          MEMORANDUM AND ORDER

CLINTON COMMONS VENTURES, LLC, ITS AGENTS,
SERVANTS, AND/OR EMPLOYEES, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

LAW OFFICES OF THERESA J. PULEO, SYRACUSE (MICHELLE M. DAVOLI OF
COUNSEL), FOR DEFENDANT-APPELLANT.

PETER M. HOBAICA, LLC, UTICA (PETER W. HOBAICA OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

    Appeal from an order of the Supreme Court, Oneida County (Erin P.
Gall, J.), entered April 6, 2015.  The order granted the motion of
defendant for leave to renew, and upon renewal, adhered to the prior
determination denying defendant's motion for summary judgment.

    It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion in part and
dismissing the complaint to the extent that it alleges that defendant
created or had actual notice of the allegedly dangerous condition and
as modified the order is affirmed without costs.

    Memorandum:  Plaintiff commenced this action seeking damages for
injuries she sustained when she slipped and fell on a tile floor in
her apartment.  Defendant owned the apartment building and plaintiff
rented Unit 4, where the accident occurred.  Plaintiff alleged that a
leaking water pipe in her apartment caused several inches of water to
accumulate on the tile floor, which contributed to her fall.
Plaintiff also alleged that a similar plumbing problem had occurred in
Unit 1 in her apartment building less than a year prior to her
accident.

    Supreme Court denied defendant's motion for summary judgment
dismissing the complaint, concluding that issues of fact existed
whether defendant was aware of the allegedly defective condition of
the plumbing in the apartment building prior to plaintiff's accident.
Defendant thereafter moved for leave to renew its motion, relying upon
the deposition testimony of the tenant who resided in Unit 1.  The
court granted the motion and, upon renewal, adhered to its prior
determination.

At the outset, we reject plaintiff's contention that the court erred in granting defendant's renewal motion.  Defendant offered a reasonable excuse for its failure to proffer the deposition testimony of the Unit 1 tenant in support of the original motion, and "we cannot say that Supreme Court abused its discretion in granting [defendant's renewal] motion" (*Premo v Rosa*, 93 AD3d 919, 921).

On the merits, we conclude that the court erred in denying defendant's renewed motion in its entirety.  Defendant met its burden of establishing that it did not create the dangerous condition by submitting evidence that the allegedly defective plumbing was installed by an independent contractor (*see Richardson v Simone*, 275 AD2d 576, 576).  In addition, "[d]efendant met [its] initial burden with respect to actual notice by submitting evidence that [it] was not aware of the allegedly dangerous condition, and plaintiff failed to raise a triable issue of fact in opposition" (*Quigley v Burnette*, 100 AD3d 1377, 1378).  We therefore modify the order accordingly.

Defendant, however, failed to meet its initial burden with respect to constructive notice, and thus the court properly denied its renewed motion to that extent.  Contrary to defendant's contention, the deposition testimony of the tenant in Unit 1 concerning her plumbing problems did not establish as a matter of law that defendant lacked constructive notice of the plumbing problem that contributed to plaintiff's accident.  While the problems in Unit 1 and Unit 4 were not identical, evidence that defendant was aware of a dangerous and defective condition of the plumbing in one part of the apartment building was sufficient to raise an issue of fact whether defendant may be charged with constructive notice of a dangerous and defective condition in another part of the building (*see Bush v Mechanicville Warehouse Corp*., 69 AD3d 1207, 1208-1209; *Gutz v County of Monroe*, 221 AD2d 838, 839; *Dukes v 800 Grand Concourse Owners*, 198 AD2d 13, 14).  Contrary to defendant's contention, the deposition testimony of the Unit 1 tenant does not establish that the problems in her apartment were so dissimilar and unrelated to the failure of the plumbing in plaintiff's apartment that "a finding that defendant had constructive notice would be pure speculation" (*Carpenter v J. Giardino, LLC*, 81 AD3d 1231, 1233, *lv denied* 17 NY3d 710).

Entered:  March 25, 2016                          Frances E. Cafarell
                                                  Clerk of the Court