# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**185**
**CA 15-01364**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

ANTHONY DEJESUS AND TAMMY DEJESUS,
PLAINTIFFS-RESPONDENTS,

                 V                          MEMORANDUM AND ORDER

CEC ENTERTAINMENT, INC., DOING BUSINESS AS
CHUCK E. CHEESE'S, DEFENDANT-APPELLANT.

---

GOLDBERG SEGALLA LLP, GARDEN CITY (HEATHER ZIMMERMAN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

GREENE & REID, PLLC, SYRACUSE (EUGENE W. LANE OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County
(Donald A. Greenwood, J.), entered May 28, 2015. The order denied the
motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted
and the amended complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking to recover
damages for injuries allegedly sustained by plaintiff Anthony DeJesus
when he slipped and fell in a parking lot while exiting a restaurant
owned by defendant, CEC Entertainment, Inc., doing business as Chuck
E. Cheese's. Defendant moved for summary judgment dismissing the
amended complaint on the ground that it neither created nor had actual
or constructive notice of the allegedly dangerous condition that
caused the fall. Supreme Court determined that defendant met its
initial burden on the motion by establishing that there was no
evidence as to the length of time the allegedly slippery condition
existed and that defendant did not have notice of the condition. The
court nevertheless denied the motion on the ground that plaintiffs
raised triable issues of fact with respect to actual and/or
constructive notice. We reverse.

We agree with defendant that it met its initial burden of
demonstrating that it had neither actual notice of the alleged
slippery condition nor constructive notice of its existence for a
sufficient length of time to discover and remedy it because the ice
and/or slush was not "visible and apparent" (*Gordon v American Museum
of Natural History*, 67 NY2d 836, 837), and we conclude that plaintiffs
failed to raise a triable issue of fact in opposition (*see Costanzo v*

*Woman's Christian Assn. of Jamestown*, 92 AD3d 1256, 1258; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We further conclude, contrary to plaintiffs' contention, that the opinions of plaintiffs' meteorologic expert are based on assumptions "that enjoy[] no evidentiary support in the record" (*Stewart v Canton-Potsdam Hosp. Found., Inc*., 79 AD3d 1406, 1408). Although plaintiffs submitted defendant's incident reports involving defendant's patrons falling in the parking lot on prior occasions, none of the reports identified a specific location in the parking lot, and they are therefore insufficient to raise an issue of fact with respect to constructive notice of an alleged recurrent condition (*see Carpenter v J. Giardino, LLC*, 81 AD3d 1231, 1232, *lv denied* 17 NY3d 710; *cf. Lowe v Spada*, 282 AD2d 815, 817). Lastly, inasmuch as the condition was not "visible and apparent," any lack of proof of recent inspections by defendant or the alleged failure of defendant to comply with its "Risk Management/Safety" manual with respect to inspections is irrelevant (*see Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc*., 15 AD3d 857, 857-858).

Entered: April 29, 2016                                  Frances E. Cafarell
                                                          Clerk of the Court