■ JANE HASTEDT, Individually and as Executrix of the Estate of MARK HASTEDT, Deceased, Respondent, v BOVIS LEND LEASE HOLDINGS, INC., et al., Respondents-Appellants. BOVIS LEND LEASE HOLDINGS, INC., et al., Third-Party Plaintiffs-Respondents-Appellants, v K.C. MASONRY, INC., Third-Party Defendant-Appellant-Respondent. GEORGE A. NOLE & SON, INC., Third-Party Plaintiff-Respondent-Appellant, v K.C. MASONRY,

Appeals from an order of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered August 10, 2015. The order, among other things, granted that part of plaintiff's motion seeking summary judgment on liability pursuant to Labor Law § 240 (1) against defendants George A. Nole & Son, Inc. and Camden Central School District.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying in its entirety plaintiff's motion for summary judgment on the Labor Law § 240 (1) cause of action, and granting those parts of the motion of defendants-third-party plaintiffs Bovis Lend Lease Holdings, Inc. (Bovis) and Camden Central School District seeking dismissal of the amended complaint against Bovis in its entirety, contractual indemnification for Bovis from defendant-third-party plaintiff George A. Nole & Son, Inc., and dismissal of the cross claim of defendant-third-party plaintiff George A. Nole & Son, Inc. insofar as it seeks contractual indemnification from Bovis, and as modified the order is affirmed without costs.

Memorandum: Plaintiff's decedent (decedent) was injured and ultimately died as a result of injuries sustained in a fall from either a ladder or a scaffold while performing work for his employer, third-party defendant, K.C. Masonry, Inc. (K.C.), on a school building owned by defendant-third-party plaintiff Camden Central School District (Camden). Decedent fell from a ladder or scaffolding while he was placing plastic sheeting used to protect masonry work that had been completed at a lower level. The ladder and scaffold were supplied and placed by employees of K.C. Decedent was a foreman on the job for K.C. on the day of the accident. Other than decedent, there were no witnesses to decedent's fall. Defendant-third-party plaintiff George A. Nole & Son, Inc. (Nole) was the general contractor and defendant-third-party plaintiff Bovis Lend Lease Holdings, Inc. (Bovis) was the construction manager on the project.

Plaintiff commenced this action seeking damages for, inter alia, a violation of Labor Law § 240 (1) and thereafter moved for partial summary judgment on the issue of liability thereunder. K.C. cross-moved for, inter alia, summary judgment

dismissing the amended complaint. Bovis and Camden jointly moved, and Nole also moved for, inter alia, summary judgment dismissing the amended complaint against them. As a preliminary matter, we note that only the section 240 (1) cause of action and indemnification thereunder is at issue on appeal. Supreme Court, inter alia, granted plaintiff's motion with respect to Camden and Nole, but denied it with respect to Bovis, and correspondingly denied those parts of the cross motion of K.C., the joint motion of Bovis and Camden (joint motion), and the motion of Nole seeking summary judgment dismissing the section 240 (1) cause of action. We agree with defendants and K.C. that the court erred in, inter alia, granting plaintiff's motion to the above extent, and we therefore modify the order accordingly.

"A plaintiff is entitled to summary judgment under Labor Law § 240 (1) by establishing that he or she was 'subject to an elevation-related risk, and [that] the failure to provide any safety devices to protect the worker from such a risk [was] a proximate cause of his or her injuries' " (*Bruce v Actus Lend Lease*, 101 AD3d 1701, 1702 [2012]). Here, it is undisputed that the safety ladder used by decedent did not tip, and that the scaffolding did not collapse, tip, or shift. Decedent, himself the only witness to the accident, was unable to provide any testimony or statement concerning how the accident happened. Thus, we note that this case is unlike those cases in which the plaintiff's version of his or her fall is uncontroverted because the plaintiff is the only witness thereto (*see e.g. Boivin v Marrano/Marc Equity Corp.*, 79 AD3d 1750, 1750 [2010]; *Evans v Syracuse Model Neighborhood Corp.*, 53 AD3d 1135, 1136-1137 [2008]; *Abramo v Pepsi-Cola Buffalo Bottling Co.*, 224 AD2d 980, 981 [1996]).

It is now axiomatic that "[t]he simple fact that plaintiff fell from a ladder [or a scaffold] does not automatically establish liability on the part of [defendants]" (*Beardslee v Cornell Univ.*, 72 AD3d 1371, 1372 [2010]). Thus, we conclude that the court erred in determining that plaintiff met her initial burden on her motion by simply establishing that decedent fell from a height. We further conclude that plaintiff's submissions raise triable issues of fact as to, inter alia, how the accident happened, from where decedent fell—the ladder or the scaffold, and whether a violation of Labor Law § 240 (1) occurred. We therefore conclude that plaintiff failed to meet her initial burden on her motion (*see Wonderling v CSX Transp., Inc.*, 34 AD3d 1244, 1245 [2006]), and the motion should have been denied regardless of the sufficiency of the opposing papers (*see*

*generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Even assuming, arguendo, that plaintiff met her initial burden, we conclude that defendants and K.C. raised issues of fact with respect to, inter alia, how the accident happened, from where decedent fell—the ladder or the scaffold, and whether a violation of Labor Law § 240 (1) occurred (*see generally Singh v Six Ten Mgt. Corp.*, 33 AD3d 783, 783-784 [2006]).

As part of the joint motion, Bovis sought a determination that it was not Camden's agent for purposes of Labor Law § 240 (1), and that it is therefore entitled to summary judgment dismissing the amended complaint against it. The court denied that part of the joint motion. That was error, and we therefore further modify the order accordingly. We conclude that Bovis established its entitlement to that determination as a matter of law (*see Hargrave v LeChase Constr. Servs., LLC*, 115 AD3d 1270, 1271 [2014]; *Phillips v Wilmorite, Inc.*, 281 AD2d 945, 946 [2001]). Pursuant to the express terms of the contract between Bovis and Camden, Bovis had no control over the means or methods of the performance of the work by contractors or subcontractors, and it also had no control over safety precautions for the workers at the construction site (*see Hargrave*, 115 AD3d at 1271; cf. *Griffin v MWF Dev. Corp.*, 273 AD2d 907, 908-909 [2000]). In opposition, plaintiff failed to raise a triable issue of fact whether Bovis was an agent of Camden for the purpose of holding Bovis liable under section 240 (1) (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). To the extent that Bovis contends in the alternative that it is entitled to indemnification under Nole's contract with K.C. as an "agent" of the owner, our determination herein disposes of that contention.

Contrary to K.C.'s contention, we further conclude that the court properly granted those parts of the joint motion and Nole's motion for summary judgment seeking contractual indemnification from K.C. for Camden and Nole. In support of their respective joint motion and motion, the parties met their respective initial burdens by submitting the contract between Nole and K.C., which contains clauses providing for K.C.'s indemnification of the owner and general contractor—Camden and Nole herein, and by establishing as a matter of law that Camden and Nole were not negligent; that any liability on the part of either of them for the injuries sustained by decedent is vicarious only; and that they exercised no supervision or control over the work of decedent (*see Lazzaro v MJM Indus.*, 288 AD2d 440, 441 [2001]). In opposition, K.C. failed to raise a tri-

able issue of fact whether the contractual indemnification provisions should not be enforced (*see Zuckerman*, 49 NY2d at 562).

We also agree with Bovis that the court erred in denying that part of the joint motion seeking contractual indemnification from Nole, and we therefore further modify the order accordingly. Section 3.18.1 of the General Conditions of the Contract, incorporated into Nole's contract with Camden, provides that Nole was obligated to indemnify the construction manager, among others, from any claims, damages, losses, and expenses "arising out of or resulting from performance of the Work . . . to the extent caused in whole or in part by negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder." Thus, Bovis demonstrated its prima facie entitlement to summary judgment on its claim for contractual indemnification from Nole (*see Capstone Enters. of Port Chester, Inc. v Board of Educ. Irvington Union Free Sch. Dist.*, 106 AD3d 853, 855 [2013]). In opposition, Nole failed to raise a triable issue of fact (*see Zuckerman*, 49 NY2d at 562). We also agree with Bovis that the court erred in failing to grant that part of the joint motion seeking dismissal of Nole's cross claim for contractual indemnification against Bovis, and we therefore further modify the order accordingly. There is simply no contract to support that cross claim (*see generally Trala v Afif*, 59 AD3d 1097, 1098 [2009]).

We reject the contention of Bovis and Camden that the court erred in denying that part of the joint motion seeking common-law indemnification against Nole. We conclude that Bovis and Camden failed to establish as a matter of law that Nole was negligent or exercised supervision or control over the work of decedent (*see Lazzaro*, 288 AD2d at 441). Contrary to K.C.'s further contention, we likewise conclude that the court properly granted those parts of the joint motion and Nole's motion seeking common-law indemnification from K.C. (*see Colyer v K Mart Corp.*, 273 AD2d 809, 810 [2000]; *see also McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 378 [2011]).

With respect to that part of the joint motion seeking summary judgment dismissing the cross claim of Nole for contribution, we note that the court did not address that aspect of the motion, and we therefore deem it denied (*see Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864 [1993]). We reject the contention of Camden and Bovis that the antisubrogation rule

entitles them to dismissal of Nole's cross claim for contribution (*see generally Lodovichetti v Baez*, 31 AD3d 718, 719 [2006]).

We have considered the remaining contentions of the parties and conclude that they are without merit. Present—Carni, J.P., Lindley, DeJoseph, Troutman and Scudder, JJ.

