Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered September 26, 2016. The order denied the motion of defendant for summary judgment dismissing the complaint.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiff commenced this action to recover damages for injuries that she allegedly sustained when she slipped and fell on snow or ice in defendant’s parking lot. Supreme Court properly denied defendant’s motion for summary judgment dismissing the complaint on the ground that there was a storm in progress inasmuch as defendant failed to meet its burden of establishing that plaintiff’s injuries were caused by a storm in progress (see Walter v United Parcel Serv., Inc., 56 AD3d 1187, 1187 [4th Dept 2008]; cf. Alvarado v Wegmans Food Mkts., Inc., 134 AD3d 1440, 1441 [4th Dept 2015]). In support of its motion, defendant submitted the deposition testimony of plaintiff, who testified that it was not snowing at the time of the accident. Moreover, the opinions of defendant’s expert meteorologist are at best conclusory and have “no evidentiary support in the record” (DeJesus v CEC Entertainment, Inc., 138 AD3d 1390, 1391 [4th Dept 2016], lv denied 28 NY3d 906 [2016] [internal quotation marks omitted]). Inasmuch as defendant failed to meet its initial burden, the burden never shifted to plaintiff “to raise a triable issue of fact ‘whether the accident was caused by a slippery condition at the location where the plaintiff fell that existed prior to the storm, as opposed to precipitation from the storm in progress, and that the defendant had actual or constructive notice of the preexisting condition’ ” (Quill v Churchville-Chili Cent. Sch. Dist., 114 AD3d 1211, 1212 [4th Dept 2014]). Thus, the court properly denied defendant’s motion without regard to the sufficiency of plaintiff’s opposing papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 Present— Centra, J.P., Peradotto, Lindley, NeMoyer and Troutman, JJ.