Chamberlain v Church of the Holy Family (2018 NY Slip Op 02949)





Chamberlain v Church of the Holy Family


2018 NY Slip Op 02949


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


311 CA 17-01726

[*1]CHRISTINE CHAMBERLAIN AND TODD CHAMBERLAIN, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
THE CHURCH OF THE HOLY FAMILY AND IMMACULATE HEART CENTRAL SCHOOLS, DEFENDANTS-APPELLANTS-RESPONDENTS. 
THE CHURCH OF THE HOLY FAMILY AND IMMACULATE HEART CENTRAL SCHOOLS, THIRD-PARTY PLAINTIFFS-APPELLANTS-RESPONDENTS,
v
SWBG-WHOLESALE, INC., THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT. 






FISCHER, BESSETTE, MULDOWNEY & MCARDLE, LLP, MALONE (ROBERT R. LAWYER, III, OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS AND THIRD-PARTY PLAINTIFFS-APPELLANTS-RESPONDENTS. 
CONWAY & KIRBY, PLLC, DELMAR (ANDREW W. KIRBY OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 
SHANTZ & BELKIN, LATHAM, NAPIERSKI, VANDENBURGH, NAPIERSKI & O'CONNOR, LLP, ALBANY (KIMBERLY E. KENEALY OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT.


 Appeal and cross appeals from an order of the Supreme Court, Jefferson County (Charles C. Merrell, J.), entered May 9, 2017. The order granted in part and denied in part the motion of defendants-third-party plaintiffs for summary judgment, granted that part of the motion of third-party defendant for summary judgment dismissing defendants-third- party plaintiffs' contribution cause of action and denied that part of the motion of third-party defendant for summary judgment dismissing defendants-third-party plaintiffs' indemnification cause of action. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion of third-party defendant in its entirety and reinstating the third-party cause of action for contribution and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Christine Chamberlain (plaintiff) when she slipped and fell on ice and snow in a paved area outside property leased by defendant-third-party plaintiff Immaculate Heart Central Schools (School) from defendant-third-party plaintiff The Church of the Holy Family (Church; collectively, defendants). Defendants then commenced a third-party action against third-party defendant, SWBG-Wholesale, Inc. (SWBG), which had entered into a contract with the Church to plow the paved areas at the School.
On the day of her accident, plaintiff arrived at the School and drove her vehicle through a parking lot to an access road closer to the School. Although a wall had once separated the access road and the parking lot, it is undisputed that, years earlier, the Church had removed the wall and [*2]paved the area between the access road and the parking lot. Inasmuch as the access road was at a higher elevation than the parking lot, the newly paved area was at an incline. Plaintiff parked her vehicle near a snowbank, which was at the top of the incline and had been created by SWBG when it plowed the parking lot and access road. Plaintiff exited her vehicle and, after retrieving items from the rear of the vehicle, she slipped and fell, striking her head on the pavement. In their amended complaint, as amplified by their second supplemental bill of particulars, plaintiffs alleged, inter alia, that plaintiff slipped on ice that had accumulated as a result of the incline and the snowbank. Plaintiffs asserted that all three conditions, i.e., the ice, the incline and the snowbank, constituted dangerous conditions that separately or cumulatively caused plaintiff's fall. They further alleged, inter alia, that defendants created or had actual and/or constructive notice of the dangerous conditions.
Defendants moved for summary judgment dismissing the amended complaint and, thereafter, SWBG moved for summary judgment dismissing the amended third-party complaint. Supreme Court granted each motion in part, dismissing the negligence causes of action insofar as they are based on claims of "actual notice of a dangerous condition and notice of a recurrent dangerous condition," and dismissing the third-party cause of action for contribution. Defendants appeal, and plaintiffs and SWBG cross-appeal. We now modify the order by denying SWBG's motion in its entirety and reinstating the third-party cause of action for contribution.
Contrary to defendants' contention, the court properly denied that part of their motion concerning creation of the allegedly dangerous conditions. Defendants asserted that they did not create any dangerous conditions and that, in any event, their alleged negligence was not a proximate cause of plaintiff's fall. "[T]he evidence submitted by defendant[s] in support of [that part of their] motion was insufficient to establish as a matter of law that [they] did not create or cause the allegedly dangerous condition[s] . . . or that [their] alleged negligence was not a proximate cause of plaintiff's injuries" (Laymon v Allen, 81 AD3d 1298, 1299 [4th Dept 2011]). Defendants' own submissions raised triable issues of fact whether they created the allegedly dangerous conditions and whether those conditions were a proximate cause of plaintiff's fall.
In support of their motion, defendants submitted, inter alia, plaintiff's deposition testimony. Although plaintiff testified that she did not recall where she fell and that, at the time of her fall, she had not yet begun to walk down the incline in the pavement, defendants also submitted deposition testimony from School employees who had observed plaintiff immediately after her fall. Those employees placed plaintiff in the immediate vicinity of the snowbank and the incline, both of which were surrounded by thick ice. Indeed, one employee testified that she observed plaintiff's body on the incline just beyond the snowbank after the fall. Defendants thus failed to establish as a matter of law that plaintiff's fall "was unrelated to the [incline] of the parking lot [or to the snowbank]," which plaintiffs alleged were created by defendants (Geloso v Castle Enters., 266 AD2d 849, 849 [4th Dept 1999]). In any event, plaintiffs submitted evidence raising a triable issue of fact whether the ice upon which plaintiff allegedly slipped had accumulated as a result of either the incline or the snowbank (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We further conclude that the court properly denied that part of defendants' motion seeking dismissal of the negligence causes of action insofar as they are based on claims of constructive notice. "To constitute constructive notice, a defect must be visible and apparent[,] and it must exist for a sufficient length of time prior to the accident to permit [a] defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Here, defendants "failed to establish as a matter of law that the [dangerous] condition[s were] not visible and apparent or that [they] had not existed for a sufficient length of time before the accident to permit [defendants] or [their] employees to discover and remedy [them]" (St. John v Westwood-Squibb Pharms., Inc., 138 AD3d 1501, 1503 [4th Dept 2016] [internal quotation marks omitted]; see Rivera v Tops Mkts., LLC, 125 AD3d 1504, 1506 [4th Dept 2015]).
In any event, even assuming, arguendo, that defendants met their initial burden of establishing either that the ice that had formed allegedly as a result of the incline and the snowbank was not visible and apparent or that it had "formed so close in time to the accident that [they] could not reasonably have been expected to notice and remedy [it]" (Rogers v Niagara Falls Bridge Commn., 79 AD3d 1637, 1638 [4th Dept 2010] [internal quotation marks omitted]), [*3]we conclude that plaintiffs raised triable issues of fact sufficient to defeat that part of defendants' motion concerning constructive notice (see generally Zuckerman, 49 NY2d at 562). Contrary to defendants' contention, the affidavit of plaintiffs' meteorologist was neither speculative nor conclusory, and adequately set forth foundational facts and recited the manner in which she came to her conclusions (see Rogers, 79 AD3d at 1638; cf. Austin v CDGA Natl. Bank Trust & Canandaigua Natl. Corp., 114 AD3d 1298, 1300 [4th Dept 2014]).
On their cross appeal, plaintiffs contend that the court erred in granting those parts of defendants' motion seeking dismissal of the causes of action for negligence insofar as they are based on claims of actual notice and notice of a recurrent dangerous condition, i.e., the repeated formation of ice as a result of the incline and the snowbank. We reject those contentions.
Defendants established that they did not have actual notice of any dangerous condition by submitting evidence that they did not receive any complaints concerning the condition of the parking lot and access road and were not otherwise aware of any ice or other slippery substance in that location prior to plaintiff's accident (see Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1469 [4th Dept 2013]; Costanzo v Woman's Christian Assn. of Jamestown, 92 AD3d 1256, 1257 [4th Dept 2012]). Plaintiffs failed to raise a triable issue of fact (see generally Zuckerman, 49 NY2d at 562).
With respect to plaintiffs' claims of a recurrent condition, we note that " [a] defendant who has actual knowledge of a recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of the condition' " (Rachlin v Michaels Arts & Crafts, 118 AD3d 1391, 1393 [4th Dept 2014]; see Chrisler v Spencer, 31 AD3d 1124, 1125 [4th Dept 2006]). Defendants' submissions established that they had no actual knowledge of any recurring dangerous condition (cf. Phillips v Henry B's, Inc., 85 AD3d 1665, 1666 [4th Dept 2011]; Anderson v Great E. Mall, L.P., 74 AD3d 1760, 1761-1762 [4th Dept 2010]), and plaintiffs failed to raise a triable issue of fact (see generally Zuckerman, 49 NY2d at 562). "Although plaintiffs submitted defendant[s'] incident reports involving defendant[s'] [employees] falling in the parking lot on prior occasions, none of the reports identified a specific location in the parking lot, and they are therefore insufficient to raise an issue of fact with respect to constructive notice of an alleged recurrent condition" (DeJesus v CEC Entertainment, Inc., 138 AD3d 1390, 1391 [4th Dept 2016], lv denied 28 NY3d 906 [2016]; see Abbattista v King's Grant Master Assn., Inc., 39 AD3d 439, 442 [2d Dept 2007]).
With respect to the third-party action, we agree with defendants that the court erred in granting SWBG's motion insofar as it sought dismissal of the contribution cause of action. It is undisputed that SWBG entered into a contract with the Church to provide snowplowing services, which included salting or sanding the plowed areas at the discretion of SWBG. There are "three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm' . . . (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties . . . and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). In their verified bill of particulars, defendants relied solely on the first situation.
With respect to the first situation, although SWBG piled the snow in the area of the incline, SWBG established that it did so only at the Church's direction. Even assuming, arguendo, that such evidence is sufficient to establish that SWBG did not launch a force or instrument of harm, we conclude that defendants raised a triable issue of fact whether SWBG piled the snow at that location on its own initiative and thus whether SWBG launched a force or instrument of harm, i.e., created or exacerbated a dangerous condition (see Meyers-Kraft v Keem, 64 AD3d 1172, 1173-1174 [4th Dept 2009]; Rak v Country Fair, Inc., 38 AD3d 1240, 1241 [4th Dept 2007]).
To the extent that defendants contend for the first time on appeal that there are triable issues of fact under the second and third Espinal situations, those contentions are not properly before us (see Bruno v Price Enters., 299 AD2d 846, 847 [4th Dept 2002]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Finally, we reject SWBG's contention on its cross appeal that the court erred in denying that part of its motion seeking dismissal of the indemnification cause of action. "If in fact an injury can be attributable solely to negligent performance or nonperformance of an act solely within the province of the contractor, then the contractor may be held liable for indemnification to an owner" (Murphy v M.B. Real Estate Dev. Corp., 280 AD2d 457, 457-458 [2d Dept 2001]). Even assuming, arguendo, that SWBG met its initial burden with respect to that principle (see Bermingham v Peter, Sr. & Mary L. Liberatore Family Ltd. Partnership, 94 AD3d 1424, 1425 [4th Dept 2012]; see also Proulx v Entergy Nuclear Indian Point 2, LLC, 98 AD3d 492, 493 [2d Dept 2012]; Roach v AVR Realty Co., LLC, 41 AD3d 821, 824 [2d Dept 2007]), we conclude that defendants raised triable issues of fact whether plaintiff fell as a result of a dangerous condition that was "attributable solely to negligent performance or nonperformance of an act solely within the province of [SWBG]" (Murphy, 280 AD2d at 457-458).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court