Schult v Pyramid Walden Co., L.P. (2018 NY Slip Op 08869)





Schult v Pyramid Walden Co., L.P.


2018 NY Slip Op 08869


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


1388 CA 18-01088

[*1]PATRICIA M. SCHULT, PLAINTIFF-RESPONDENT,
v
PYRAMID WALDEN COMPANY, L.P., DEFENDANT-APPELLANT, ET AL., DEFENDANT. 






GOLDBERG SEGALLA LLP, ROCHESTER (RAUL E. MARTINEZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Genesee County (Emilio L. Colaiacovo, J.), entered April 5, 2018. The order, insofar as appealed from, denied the motion of defendant Pyramid Walden Company, L.P., for summary judgment dismissing the amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries that she allegedly sustained when she slipped and fell on snow in the parking lot of a shopping mall owned and operated by Pyramid Walden Company, L.P. (defendant). Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint on the ground that there was a storm in progress inasmuch as defendant failed to meet its prima facie burden of establishing that plaintiff's injuries were caused by a storm in progress (see Wrobel v Tops Mkts., LLC, 155 AD3d 1591, 1592 [4th Dept 2017]; cf. Sheldon v Henderson & Johnson Co., Inc., 75 AD3d 1155, 1156 [4th Dept 2010]). Defendant submitted the deposition testimony of plaintiff, who testified that it was snowing at approximately 2:30 p.m. when she slipped and fell on approximately five inches of snow in the parking lot. Defendant, however, also submitted the testimony of plaintiff's husband, who testified that it stopped snowing sometime during the preceding two-hour period, while he and plaintiff were shopping. The affidavit of defendant's expert meteorologist and the data upon which he relied were insufficient to establish that it was snowing after 12:54 p.m. at the location of the accident (see Smith v United Ref. Co. of Pennsylvania, 148 AD3d 1733, 1733-1734 [4th Dept 2017]).
Inasmuch as defendant failed to meet its burden, the court properly denied its motion without regard to the sufficiency of plaintiff's opposing papers (see Wrobel, 155 AD3d at 1592; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court