Smith v MDA Consulting Engrs., PLLC (2022 NY Slip Op 06389)

Smith v MDA Consulting Engrs., PLLC

2022 NY Slip Op 06389

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND WINSLOW, JJ.

823 CA 22-00548

[*1]NICHOLAS SMITH, PLAINTIFF-RESPONDENT,
v
MDA CONSULTING ENGINEERS, PLLC, DEFENDANT-APPELLANT. 

UNDERBERG & KESSLER LLP, BUFFALO (CAROL R. FINOCCHIO OF COUNSEL), FOR DEFENDANT-APPELLANT.
DOLCE PANEPINTO, P.C., BUFFALO (AARON C. GORSKI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Chautauqua County (Grace Marie Hanlon, J.), entered March 23, 2022. The order, insofar as appealed from, denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law and in the exercise of discretion without costs, the motion is granted and the complaint is dismissed.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained after falling off of a foundation wall while erecting a salt storage shed for the Town of Mansfield (Town). Defendant had contracted with the Town to assist in preparing a bid package, solicit bids, assist the Town in obtaining grant money from the State, and review the submitted bids for the salt storage shed project. Plaintiff commenced the instant action asserting causes of action against defendant for violations of Labor Law §§ 200, 240 (1), and 241 (6), and for common-law negligence. Defendant appeals from an order that, inter alia, denied its motion for summary judgment dismissing the complaint.
Initially, to the extent that Supreme Court's denial of the motion was premised on defendant's failure to promptly file a statement of material facts as previously required by 22 NYCRR 202.8-g (former [a]), we substitute our discretion, which may be exercised by the Appellate Division "even though there has been no abuse of discretion by the lower branch of the court" (Phoenix Mut. Life Ins. Co. v Conway, 11 NY2d 367, 370 [1962] [internal quotation marks omitted]; see Chamberlin v Samaritan Med. Ctr., 249 AD2d 956, 957 [4th Dept 1998]), to deem that mistake corrected by defendant's late filing (see CPLR 2001). As defendant asserts, the affidavit of its attorney was the functional equivalent of a statement of material facts, there was no prejudice to plaintiff, and defendant rectified its omission in a timely manner. We also note that the regulation was amended several months after the order was entered requiring that statements of material facts be provided only if directed by the court and providing courts with several remedies in the event of a failure by the proponent of summary judgment to provide the statement (see 22 NYCRR 202.8-g [e]). Further, at least one other Department of the Appellate Division has been hesitant to require "blind adherence to the procedure set forth in 22 NYCRR 202.8-g" even before the amendment (Leberman v Instantwhip Foods, Inc., 207 AD3d 850, 852 [3d Dept 2022] [internal quotation marks omitted]).
Regarding the merits, we agree with defendant, which was undisputedly not an owner or a contractor, that it met its initial burden on the motion with respect to the Labor Law § 240 (1) cause of action by establishing that it was not an agent of the Town. "An agency relationship for the purposes of section 240 (1) arises only when work is delegated to a third party who obtains the authority to supervise and control the job" (Blake v Neighborhood Hous. Servs. of N.Y. City, [*2]1 NY3d 280, 292-293 [2003]). "Thus, unless a defendant has supervisory control and authority over the work being done when the plaintiff is injured, there is no statutory agency conferring liability under the Labor Law" (Walls v Turner Constr. Co., 4 NY3d 861, 864 [2005]). Pursuant to the express terms of the contract between the Town and the nonparty contractor—i.e., plaintiff's employer—as well as the terms of the contract between the Town and defendant, defendant had no control over the means or methods of the performance of the work by the contractor, and it also had no control over safety precautions for the workers at the construction site (see Hastedt v Bovis Lend Lease Holdings, Inc., 152 AD3d 1159, 1162 [4th Dept 2017]; Phillips v Wilmorite, Inc., 281 AD2d 945, 946 [4th Dept 2001]). The deposition testimony submitted by defendant established the same. In opposition, plaintiff failed to raise a triable issue of fact whether defendant was liable as an agent of the Town (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
For those same reasons, it was error to deny defendant's motion with respect to the Labor Law § 241 (6) cause of action (see Hargrave v LeChase Constr. Servs., LLC, 115 AD3d 1270, 1271 [4th Dept 2014]; Phillips, 281 AD2d at 946). Defendant also established that it did not actually direct or control the work that brought about plaintiff's injuries, and plaintiff raised no issue of fact with respect thereto. Therefore, it was error to deny defendant's motion with respect to the Labor Law § 200 and common-law negligence causes of action (see Bausenwein v Allison, 126 AD3d 1466, 1468 [4th Dept 2015]; Suconota v Knickerbocker Props., LLC, 116 AD3d 508, 508-509 [1st Dept 2014]).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court